IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA <br> and THE COMMONWEALTH OF VIRGINIA <br> *ex rel.* WAYNE BROCKMAN, <br> ANGELIQUE EPPS, NICOLE LLOYD- <br> HARDEN, WAYNE PETERSEN, JR., <br> LAVAR REYNOLDS, WENDELL RAY <br> SCOTT, and CONSTANTINE JOHNSON, <br> Relator-Plaintiffs, <br> <br> v. <br> <br> UNIVERSAL HEALTH SERVICES, INC., <br> UHS OF DELAWARE, INC., KEYSTONE <br> NEWPORT NEWS, LLC t/a Newport News <br> Behavioral Health Center, KEYSTONE <br> EDUCATION AND YOUTH SERVICES, <br> LLC, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. 4:17-cv-103 <br> <br> <br> <br> <br> FILED UNDER SEAL |

MEMORANDUM IN SUPPORT OF UNITED STATES AND THE COMMONWEALTH OF
VIRGINIA'S *EX PARTE* MOTION FOR PERMISSION TO PARTIALLY DISCLOSE AND
TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1404(a), the United States and the Commonwealth of Virginia respectfully submit this memorandum in support of their *ex parte* motion to transfer this action to the United States District Court for the Eastern District of Pennsylvania in order to allow them to seek to consolidate it with other under seal *qui tam* complaints containing overlapping and/or related allegations against Universal Health Services, Inc. ("UHS") and related entities that are pending in that district. The United States and the Commonwealth of Virginia also respectfully request that, in its transfer order, the Court suggest to the transferee Court that this action be

deemed related to *United States, et al. ex rel. Jain v. UHS, et al.*, Civil Action No. 13-6499 (E.D. Pa.), and be subject to such seal orders as are in place in that related case.

In addition, pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(2), the United States and the Commonwealth of Virginia hereby respectfully apply, *ex parte*, for an order to partially lift the seal in this case. The United States and the Commonwealth of Virginia seek this relief so that they may in their sole discretion disclose the *qui tam* Complaint and any amendments thereto to (1) Defendants and their counsel; (2) any relators and their counsel who have filed, or who subsequently file, a *qui tam* case in this Court or any other courts pertaining to Defendant UHS and/or any associated or affiliated entity; (3) any court in which a *qui tam* case pertaining to UHS and/or any associated or affiliated entity has been or is filed; and (4) any state that has an interest in investigating the allegations of this case or any other matter involving UHS. As described below, if granted, this request will help streamline the investigation of Defendants and may help preserve the resources of the Court and the parties.

Relators do not object to the relief sought by this motion.

### BACKGROUND

#### A. UHS Investigations

UHS is a hospital management company headquartered in King of Prussia, Pennsylvania. UHS is the corporate parent and, through its subsidiaries, owns and operates 225 facilities in 37 states and the District of Columbia.

The United States and certain states' Attorneys General have been investigating more than a dozen matters involving UHS and its facilities or related entities. The United States is currently investigating more than a dozen pending *qui tam* complaints that have named UHS and

2

its facilities or related entities as defendants. In addition to this Court, cases are pending in the United States District Courts for the Eastern District of Pennsylvania and the Northern District of Georgia. Other cases filed in the Middle District of Georgia, the Northern District of Georgia, the District of Oregon, the District of Utah, the Southern District of Texas, the Northern District of Illinois, and the Eastern District of Virginia have already been transferred to the Eastern District of Pennsylvania. In addition to these *qui tam* complaints, the United States is conducting investigations into UHS facilities in Illinois, North Carolina, Virginia, Florida, and Pennsylvania. These *qui tam* actions and investigations contain related and/or overlapping allegations against UHS, as the corporate parent, and certain related entities or facilities, including quality of care issues and billing for services not provided or not medically necessary.

In the interest of judicial economy, the United States seeks to consolidate the various UHS *qui tam* actions in the United States District Court for the Eastern District of Pennsylvania, the district in which UHS is headquartered.

### B. Relators' Allegations

Relators filed this *qui tam* action pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733. Relators filed their Complaint on August 25, 2017. The United States Attorney General received the Complaint on October 10, 2017.

Relators allege that Defendants knowingly (1) presented or caused to be presented false claims for payment to the United States and Commonwealth of Virginia; and (2) made or caused to be made false statements to get those false claims paid. More specifically, Relators allege that Defendants have violated the False Claims Act by fraudulently billing Medicaid and TRICARE for inpatient psychiatric services including services that were not provided or that did not comply

3

with state and/or federal law. Relators also allege violations of the Virginia Taxpayers Against Fraud Act ("VTAFA").

The United States and the Commonwealth of Virginia continue to investigate this case in conjunction with the other *qui tam* actions and investigations. The allegations made by Relators overlap substantially with claims made in these other *qui tam* actions and investigations.

## ARGUMENT

### A. Transfer to the Eastern District of Pennsylvania

For the reasons explained below, the Court should transfer this matter to the United States District Court for the Eastern District of Pennsylvania.

A district court may, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

In evaluating a motion to transfer, courts consider the following: (1) "whether the claims could have been brought in the transferee forum"; and (2) "whether the interest of justice and convenience of the parties and witnesses support transfer." *Advanced Marketing Systems, LLC v. Delhaize America, LLC*, Civil No. 2:15-cv-74, 2015 WL 12806533, *1 (E.D. Va. July 31, 2015) (Doumar, J.) (citation omitted). As to the second inquiry, courts consider four factors: "(1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; and (4) the interest of justice." *Id.* at *2 (citation omitted).

As to the first inquiry, this case could have been brought in the Eastern District of Pennsylvania. Defendant UHS is headquartered there and transacts business within the district. A civil action under the False Claims Act may be brought "in any judicial district in which the

4

defendant, or in the case of multiple defendants, any one defendant can be found, resides, [or] transacts business." 31 U.S.C. § 3732(a).

Similarly, all of the factors either weigh strongly in favor of transferring this case to the U.S. District Court for the Eastern District of Pennsylvania or are neutral.

*Plaintiffs' choice of forum.* In *qui tam* actions, the government is the real party in interest. *See U.S. ex rel. Eisenstein v. City of N.Y., N.Y.*, 556 U.S. 928, 930 (2009) ("[T]he United States is a 'real party in interest' in a case brought under the [False Claims Act][.]") (citation omitted). "A plaintiff's choice of forum is typically entitled to substantial weight." *Advanced Marketing Systems,* 2015 WL 12806533, at *2. Accordingly, this factor strongly supports the United States and the Commonwealth of Virginia's request to transfer this matter.

*Convenience of the parties.* The convenience of the parties strongly supports transfer of this matter. Defendant Keystone Newport News, LLC is a subsidiary of Defendant UHS, and UHS's headquarters is located in the Eastern District of Pennsylvania, the district to which the transfer is being sought. *See id.* at *3 ("The Middle District of North Carolina is clearly the more convenient forum for Defendant. Defendant has its headquarters in the state."). A transfer would enable the United States and the Commonwealth of Virginia to further coordinate their investigations of UHS by consolidating pending *qui tam* cases in one district. Finally, as noted above, the Relators do not object to the transfer. For these reasons, the consolidation would reduce the burden on—and thereby serve the convenience of—all parties.

*Convenience of the witnesses.* The convenience of the witnesses strongly supports transfer in the present case. The majority of UHS' corporate witnesses are located in the Eastern District of Pennsylvania, where UHS is headquartered. The remaining witnesses, including

5

facility employees, are most likely located throughout the United States, including the 37 states where UHS has facilities. Thus, because of the location of the corporate witnesses, on the whole this factor supports transferring this matter to the United States District Court for the Eastern District of Pennsylvania.

*The interest of justice.* The interest of justice "encompasses various factors, including 'the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." *Id.* at *4. The relevant factors either weigh strongly in favor of transferring this case to the U.S. District Court for the Eastern District of Pennsylvania or are neutral.

As to the pendency of related actions and docket conditions, the United States and the Commonwealth of Virginia are seeking a transfer of this case in order to consolidate with twelve other *qui tam* cases now pending in the U.S. District Court for the Eastern District of Pennsylvania. The United States intends to transfer all pending actions to that district as well. These cases all contain related or overlapping factual allegations and legal theories. Absent transfer and consolidation, multiple federal courts will handle cases with overlapping allegations and defendants, leading to potentially inconsistent judgments. "The interest of justice weighs heavily in favor of transfer when related actions are pending in the transferee forum." *United States Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 937 (E.D. Va. 2005). "Pendency of such a related action in the transferee forum weighs in favor of transfer, 'not only because litigation of related claims in the same tribunal facilitates efficient, economical and expeditious pre-trial proceedings and discovery, but because it avoids . . . [duplicative] litigation

6

and inconsistent results.'" *Id.* at 938 (citation omitted). "In this case, [nine] related actions are already pending in the [Eastern District of Pennsylvania], and have been assigned to the same judge, who has become familiar with the legal issues, facts, and the many twists and turns in this protracted case. This familiarity weighs strongly in favor of transferring this case . . . so that all aspects to this dispute may be resolved in a single forum." *Id.*; *see also Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that s 1404(a) was designed to prevent.").

As to the court's familiarity of the applicable law, this factor is neutral since both this Court and the U.S. District Court for the Eastern District of Pennsylvania are familiar with the False Claims Act. Similarly, "The VFATA is based on the federal civil False Claims Act," and courts look to the False Claims Act for guidance in construing the VFATA. *Lewis v. City of Alexandria*, 287 Va. 474, 479 n. 4 (Va.2014); *see also United States ex rel. Bates v. Dentsply Intern., Inc.*, Civil Action No. 12-7199, 2014 WL 4384503, *11 (E.D. Penn. Sept. 4, 2014). In addition, as noted, twelve other *qui tam* actions involving UHS and its facilities are already pending in the U.S. District Court for the Eastern District of Pennsylvania.

Overall, the weight of the factors support transferring this matter to the U.S. District Court for the Eastern District of Pennsylvania.

### B. Partial Lift of Seal

The United States and the Commonwealth of Virginia seek a partial lift of seal so that they may in their sole discretion disclose the *qui tam* Complaint and any amendments thereto to (1) Defendants and their counsel; (2) any relators and their counsel who have filed, or who

subsequently file, a *qui tam* case in this Court or any other courts pertaining to Defendant UHS and/or any associated or affiliated entity; (3) any court in which a *qui tam* case pertaining to UHS and/or any associated or affiliated entity has been or is filed; and (4) any state that has an interest in investigating the allegations of this case or any other matter involving UHS.

A partial lift of seal in this case will enable the United States and the Commonwealth of Virginia to coordinate their investigation of this matter with investigations of other matters pertaining to Defendant UHS and other associated or affiliated entities. It will also enable the United States to enforce the False Claims Act's first-to-file rule. And it will also help streamline the investigation of Defendants.

First, the United States and the Commonwealth of Virginia seek to coordinate their investigation of this matter with their investigations of other potentially similar *qui tam* matters that have been filed or may be filed in this Court or other courts relating to UHS and/or any associated or affiliated entity. A partial lift of seal will facilitate these efforts—enabling the United States and the Commonwealth of Virginia to address all of these matters simultaneously when conducting certain aspects of its investigation and/or coordinating with Defendants, the courts in which the other matters are pending, or the relators for the other matters.

Along the same lines, a partial lift of seal will enable the United States to enforce the False Claim Act's first-to-file rule, which restricts the filing and pursuit of duplicative *qui tam* actions. The rule provides that once a first *qui tam* action has been filed, "no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). The United States and the Commonwealth of Virginia seek a partial lift of seal so that it may disclose the Complaint to other *qui tam* relators who have filed

8

similar complaints, as well as to the courts in which those matters are or will be pending. This will help preserve the resources of the parties to these matters and of the courts in which these matters are pending.

A partial lift of seal will help streamline the investigation. In particular, it will enable the United States and the Commonwealth of Virginia to continue their investigation by giving them the ability to disclose the Complaint to, and discuss the Complaint with, Defendants in this matter and their counsel. And finally, Counsel for the Government and UHS are participating in ongoing discussions relating to a possible resolution of these investigations and cases. A partial lift of the seal will help to facilitate those discussions.

## CONCLUSION

For the foregoing reasons, the United States and the Commonwealth of Virginia respectfully request that this action be transferred to the United States District Court for the Eastern District of Pennsylvania. The United States and the Commonwealth of Virginia further request that the Court, in its transfer order, suggest to the transferee Court that this action may be related to the *qui tam* action captioned *United States, et al. ex rel. Jain v. UHS, et al.*, Civil Action No. 13-6499 (E.D. Pa.), and be subject to such seal and intervention deadline orders as are in place in that related case.

In addition, the United States and the Commonwealth of Virginia respectfully request a partial lift of the seal in this matter so that they may in their sole discretion disclose the *qui tam* Complaint and any amendments thereto to (1) Defendants and their counsel; (2) any relators and their counsel who have filed, or who subsequently file, a *qui tam* case in this Court or any other courts pertaining to Defendant UHS and/or any associated or affiliated entity; (3) any Court in

which a *qui tam* case pertaining to UHS and/or any associated or affiliated entity has been or is filed; and (4) any state that has an interest in investigating the allegations of this case or any other matter involving UHS. The United States and the Commonwealth of Virginia request that the Complaint remain sealed as to all other persons. In addition, the United States and the Commonwealth of Virginia request that all of the other contents of the Court's file in this matter, including this Motion and the Court's Order regarding this Application, remain under seal.

    A proposed order is enclosed herewith.

Respectfully submitted,

CHAD A. READLER
ACTING ASSISTANT ATTORNEY GENERAL

DANA J. BOENTE
United States Attorney

By: _____
Clare P. Wuerker
Assistant United States Attorney
Virginia Bar No. 79236
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Telephone: (757) 441-6331
Facsimile: (757) 441-6689
E-mail: Clare.Wuerker@usdoj.gov

MICHAEL D. GRANSTON
ALLISON CENDALI
MICHAEL KASS
Attorneys, Civil Division
U.S. Department of Justice
Post Office Box 261
Washington D.C. 20044
Telephone: (202) 305-2068

Counsel for the United States of America

COMMONWEALTH OF VIRGINIA

By: _____
Kimberly M. Bolton
Virginia State Bar No. 80006
Office of the Attorney General
Medicaid Fraud Control Unit
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 786-4619
Facsimile: (804) 786-0807
E-mail: kbolton@oag.state.va.us

November 6, 2017

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>and THE COMMONWEALTH OF VIRGINIA )<br>*ex rel.* WAYNE BROCKMAN, )<br>ANGELIQUE EPPS, NICOLE LLOYD- )<br>HARDEN, WAYNE PETERSEN, JR., )<br>LAVAR REYNOLDS, WENDELL RAY )<br>SCOTT, and CONSTANTINE JOHNSON, )<br>    Relator-Plaintiffs, )<br>)<br>)<br>)<br>v. )<br>)<br>UNIVERSAL HEALTH SERVICES, INC., )<br>UHS OF DELAWARE, INC., KEYSTONE )<br>NEWPORT NEWS, LLC t/a Newport News )<br>Behavioral Health Center, KEYSTONE )<br>EDUCATION AND YOUTH SERVICES, )<br>LLC, )<br>)<br>    Defendants. | CIVIL ACTION NO. 4:17-cv-103<br><br><br><br>FILED UNDER SEAL |

## ORDER TRANSFERRING VENUE AND PARTIALLY LIFTING SEAL

Upon consideration of the United States and Commonwealth of Virginia's unopposed *ex parte* motion, and the United States and the Commonwealth having shown good cause for the requested transfer and partial seal lift,

**IT IS HEREBY ORDERED** that this case be transferred to the U.S. District Court for the Eastern District of Pennsylvania; and

**IT IS FURTHER ORDERED** that the Clerk of this Court, in the documents transferring this case to the U.S. District Court for the Eastern District of Pennsylvania note that this action may be related to the *qui tam* action captioned *United States, et al. ex rel. Jain v. UHS, et al.*,

Civil Action No. 13-6499 (E.D. Pa.), and be subject to such seal and intervention deadline orders as are in place in that related case; and

**IT IS FURTHER ORDERED** that the seal in this case shall be partially lifted and the United States may in its sole discretion disclose the *qui tam* Complaint and any amendments thereto to (1) Defendants and their counsel; (2) any relators and their counsel who have filed, or who subsequently file, a *qui tam* case in this Court or any other courts pertaining to Defendant Universal Health Services, Inc. ("UHS") and/or any associated or affiliated entity; (3) any court in which a *qui tam* case pertaining to UHS and/or any associated or affiliated entity has been or is filed; and (4) any state that has an interest in investigating the allegations of this case or any other matter involving UHS; and

**IT IS FURTHER ORDERED** that, except as ordered herein, all other filings shall remain under seal during and after the transfer, until further ordered by the U.S. District Court for the Eastern District of Pennsylvania; and

**AND IT IS FURTHER ORDERED** that this Order shall not be served on Relator or Defendants by the Clerk, but may be disclosed to Relator by the United States or the Commonwealth of Virginia at its discretion.

**IT IS SO ORDERED**, this ____ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

DANA J. BOENTE
United States Attorney

_____
Clare P. Wuerker
Assistant United States Attorney
Virginia Bar No. 79236
Attorney for United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Telephone – 757-441-6331
Facsimile – 757-441-6689
E-Mail – Clare.Wuerker@usdoj.gov
Counsel to the United States


COMMONWEALTH OF VIRGINIA

_____
KIMBERLY M. BOLTON
Virginia State Bar No. 80006
Office of the Attorney General
Medicaid Fraud Control Unit
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 786-4619
Facsimile: (804) 786-0807
E-mail: kbolton@oag.state.va.us
Counsel to the Commonwealth of Virginia

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2017, I caused a copy of the AND THE COMMONWEALTH OF VIRGINIA'S *EX PARTE* MOTION FOR PERMISSION TO PARTIALLY DISCLOSE AND TO TRANSFER VENUE to be served by first-class mail, postage prepaid, upon:

> James Shoemaker
> Patten, Wornom, Hatten & Diamonstein, LLC
> 12350 Jefferson Ave., Ste. 300
> Newport News, VA 23602
> Phone: (757) 320-4171
> Fax: (757) 223-4518
> jshoemaker@pwhd.com

To preserve the integrity of the government's ongoing investigation, the relators have been served with a copy of the Motion, but not the Memorandum in Support thereof.

Clare P. Wuerker
Assistant United States Attorney
Virginia Bar No. 79236
Attorney for United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Telephone – 757-441-6331
Facsimile – 757-441-6689
E-Mail – Clare.Wuerker@usdoj.gov